UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Xiamen Huangyudu Cosmetics Co., Ltd., *Plaintiff*, v. Interlink Products International, Inc., *Defendant*. | **Case No. 2:25-cv-2734** **Complaint for Declaratory Judgment** **Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Xiamen Huangyudu Cosmetics Co., Ltd. d/b/a RAZIME LLC ("RAZIME LLC") ( "Plaintiff"), against Defendant Interlink Products International, Inc. ("Defendant"), seeking a declaration that Plaintiff's rain shower head (the "Accused Product") does not directly or indirectly infringe U.S. Patent No. 12,485,435 B2 ("the '435 Patent"), either literally or under the doctrine of equivalents, and/or that the '435 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the '435 Patent.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '435 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Xiamen Huangyudu Cosmetics Co., Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business located at Xiamen City, Fujian Province, China.

4. Upon information and belief, Defendant Interlink Products International, Inc. is a corporation organized under the laws of the State of New Jersey and is located at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties to this action. Defendant has accused Plaintiff's Amazon listings of infringing the '435 Patent and demanded that Plaintiff either settle or participate in Amazon's "Patent Evaluation Express," under threat that the listings will be removed if Plaintiff does not comply. Defendant's ongoing enforcement efforts place the

Accused Product at continuing risk of removal from Amazon and cast a cloud over Plaintiff's competitive position. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

7. This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed its patent-enforcement activities into this District, including by initiating and prosecuting an Amazon "Patent Evaluation Express" ("APEX") patent-enforcement proceeding against Plaintiff's accused Amazon listings and by transmitting and causing the transmission of APEX takedown and enforcement communications to Amazon personnel located in Seattle, Washington, with the foreseeable and intended effect of removing Plaintiff's product listings and disrupting Plaintiff's sales in this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

8. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

**THE FACTUAL BACKGROUND**

9. Plaintiff designs, sources, and sells rain shower head products on Amazon.com. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

10. Defendant Interlink Products International, Inc. is identified as the owner of the '435 Patent. On December 12, 2025, Amazon notified Plaintiff that Defendant had reported

-3-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Plaintiff's Accused Product as infringing the '435 Patent and stated that unless Plaintiff either resolved the claim with Defendant within three weeks or entered Amazon's neutral Patent Evaluation Express (APEX) process and paid a deposit, Amazon intended to remove Plaintiff's listings and any materially identical variants. Accused ASINs are B0F9L5YV2G, B0F7HL3R71, and B0F7HH1CT1. *See* **Exhibit B**.

11. In connection with the APEX process, Defendant submitted an executed Amazon Patent Evaluation Express Agreement identifying: Patent Owner Interlink Products International, Inc.; physical address at 1315 E. Elizabeth Ave., Linden, New Jersey 07036; contact email wmckenna@uspatent.com; authorized attorney: William A. McKenna; Brand Registry: Hotel Spa; asserted patent U.S. Patent 12,485,435 and accused ASINs: B0F9L5YV2G, B0FH1577WQ, B0FBR9BJW7, B0DQHFG94H, B0F7HL3R71, B0DQHJR1YB, B0DQHHCGHQ, B0F7HH1CT1, B0FBRF9RJB, B0FKB4FCQH; dated December 10, 2025. *See* **Exhibit C**.

12. Plaintiff denies that Accused Product infringes any valid and enforceable claim of the '435 Patent and disputes Defendant's accusations. Plaintiff further contends that one or more claims of the '435 Patent are invalid and/or unenforceable.

13. Defendant's report and Amazon's threatened removal have created immediate and concrete harm to Plaintiff, including loss of sales, damage to goodwill, disruption of inventory planning, and ongoing business uncertainty.

14. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain their product listings on Amazon. Defendant's action has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most

significant channel of trade. As a result, Defendant's enforcement activities of the '435 Patent via Amazon have caused, and continues to cause, immediate and irreparable harm to Plaintiff.

### The '435 PATENT

15. The '435 Patent was filed on May 16, 2024, and issued on December 2, 2025. A true and correct copy of the '435 Patent is attached hereto as **Exhibit A**.

16. The '435 Patent is entitled "Showerhead Having Selector For Directing Water Flow In Independent Directions" and generally discloses a showerhead having a head portion.

17. The '435 Patent has two independent claims and fifteen dependent claims, each claiming a showerhead.

18. Upon information and belief, Defendant is the owner of the '435 Patent.

### COUNT I
### (Declaratory Judgment of Non-Infringement of the '435 Patent)

19. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '435 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '435 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '435 Patent. In the APEX proceeding, Defendant identified and asserted only Claim 1 of the '435 Patent against Plaintiff's Accused Product. **See Exhibit C.**

21. Plaintiff does not directly infringe, literally or under the doctrine of equivalents, any claim of the '435 Patent, including independent claim 1. *See* **Exhibit D**.

22. Claim 1 of the '435 Patent requires, A showerhead, comprising: a head portion;

    a handle extending from the head portion;

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

a plurality of first nozzles configured to direct water flow in a first direction;

at least one second nozzle disposed in the head portion and configured to direct water flow in a second direction;

at least one third nozzle disposed adjacent to the at least one second nozzle and configured to direct water flow in a third direction; and

a flow selector moveable between a first position in which water flow is directed through the plurality of first nozzles, a second position in which water flow is directed through the at least one second nozzle, and a third position in which water flow is directed through the at least one third nozzle,

wherein the second direction and the third direction are substantially the same and transverse to the first direction,

wherein the second nozzle is configured to create a first type of the flow of water, and the third nozzle is configured to create a second type of the flow of water different from the first type of the flow of water, and

wherein the flow selector is configured to remain in one of the first position, the second position, or the third position without an external force continuously maintaining a desired position of the flow selector.

23.  The Accused Product does not meet at least these limitations. For example, the Accused Product employs a materially different flow-selection structure and operating scheme than Claim 1 recites. Claim 1 requires a "flow selector moveable between" the recited first, second, and third positions in which water flow is directed through the respective nozzle group(s). In contrast, the Accused Product uses a rotatable disc/faceplate mechanism configured to operate in multiple discrete positions and to route water through different internal passageways to different

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

outlets. The Accused Product further includes an additional "off" position in which no water is discharged from any nozzle, a configuration not recited in Claim 1. In addition, the Accused Product's selector positions route water to the side outlets and to selected subsets of faceplate nozzles, rather than a configuration in which the recited "first position" directs water flow through the plurality of first nozzles as claimed. Accordingly, at least these claim limitations are absent from the Accused Product, and no asserted claim is met in full. *Id*.

24. Doctrine of equivalents does not apply. Treating the Accused Product's multi-position rotatable disc mechanism, including its additional "off" position and its routing of water through different internal passageways and nozzle subsets, as equivalent to the claimed flow selector arrangement would improperly eliminate or materially alter the claim's structural and positional limitations and would contravene the all-elements rule. The Accused Product operates with a materially different function, in a materially different way, to achieve a materially different result, and any asserted equivalence would impermissibly expand Claim 1 beyond its limitations. *Id*.

25. The Accused Product does not indirectly infringe the '435 Patent. Plaintiff has not induced infringement under 35 U.S.C. § 271(b) because it has not encouraged or intended that customers practice every limitation of any asserted claim. Nor does Plaintiff contributorily infringe under 35 U.S.C. § 271(c) because the Accused Product is a staple article of commerce suitable for substantial non-infringing uses and is not especially made or adapted for any patented combination. *Id*.

26. Moreover, any dependent claims of the '435 Patent incorporate the limitations of claim 1. Because claim 1 (the only claim asserted in APEX) is not met, the Accused Product

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

likewise does not infringe the dependent claims. In any event, additional limitations recited in the dependent claims are also absent from the Accused Product.

27. Defendant's baseless enforcement activities have caused, and continue to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted and disrupting Plaintiff's e-commerce operations, including through Amazon enforcement mechanisms.

28. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '435 Patent.

29. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe any claim of the '435 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

30. Plaintiff further seeks such other and further relief as the Court deems just and proper, including costs and attorneys' fees where available.

### COUNT II
### (Declaratory Judgment of Invalidity of the '435 Patent)

31. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

32. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '435 Patent, as evidenced by Defendant's assertions of infringement and enforcement activities directed to Plaintiff, including through Amazon's Patent Evaluation Express ("APEX") program.

33. The claims of the '435 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the

United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. *See* **Exhibit E.**

34. U.S. Patent No. 8,490,894 to Lu ("Lu"), issued July 23, 2013, discloses, inter alia, a multi-function showerhead including a head portion, a handle extending from the head portion, multiple sets of nozzles configured to direct water flow in different directions, and internal flow paths for selectively directing water through different nozzle groups. Lu further teaches adjacent nozzle arrangements and spray modes in which multiple nozzles direct water flow in substantially the same direction and transverse to other nozzle groups. *See* **Exhibit F**.

35. U.S. Patent Application Publication No. 2020/0206753 to Wu ("Wu"), published July 2, 2020, discloses a multi-function showerhead having a head portion, a handle, multiple types of nozzles arranged on the head portion, and a movable flow selector configured to switch between multiple cleaning configurations. Wu further teaches that different nozzles generate different types of water flow, that such nozzles may be arranged adjacent to one another, and that the flow selector may be retained in selected positions without continuous external force, for example through spring-biased or detent-based mechanisms. *See* **Exhibit G**.

36. U.S. Patent No. 5,690,282 to **Guo ("Guo")**, issued November 25, 1997, discloses a showerhead including multiple nozzles and a movable flow selector configured to direct water flow through selected nozzles by switching among multiple positions and further teaches conventional mechanical switching structures for controlling internal water flow paths within a showerhead body. *See* **Exhibit H**.

37. German Patent Application Publication No. DE 10 2011 051864 to Wiesendahl ("Wiesendahl"), published January 17, 2013, discloses a showerhead having a movable switching element configured to be selectively positioned in different flow states corresponding to different

spray modes, including structures that retain the selector in predetermined positions during operation. *See* **Exhibit I**.

38. These references, individually and in combination with one another and further in view of the knowledge of a person of ordinary skill in the art ("POSITA") at the time of the alleged invention, disclose or render obvious one or more claims, including at least claims 1–17 of the '435 Patent.

39. As set forth in detail in Plaintiff's Invalidity Contentions, the claims of the '435 Patent are invalid under 35 U.S.C. § 103, including but not limited to combinations in which Lu is combined with one or more of Wu, Guo, and Wiesendahl, and further in view of the knowledge of a POSITA. Under these obviousness grounds, the alleged features of the '435 Patent, such as adjacent nozzle arrangements, directing water flow in different directions or spray patterns, movable flow selectors configured to switch among multiple positions, retention of selector positions without continuous external force, and multiple cleaning configurations—constitute no more than predictable and routine variations of known showerhead designs.

40. Any dependent claims of the '435 Patent are likewise invalid because they incorporate the limitations of the independent claims and add only conventional, routine, and/or obvious features taught or suggested by the prior art references identified above, alone or in combination, and by the knowledge of a POSITA at the relevant time.

41. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '435 Patent.

42. Plaintiff seeks a declaratory judgment that the claims of the '435 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the

provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

43. Plaintiff further seeks such other and further relief as the Court deems just and proper, including costs and attorneys' fees where available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '435 Patent;

C. Declaring that the claims of the '435 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D. A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiff monetary relief, including damages, if any, as may be proven at trial and as permitted by applicable law;

F. Awarding pre- and post- judgment interest; and

G. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: December 30, 2025

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Plaintiff*

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049